# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-1001**

**September Term, 2020**

FILED ON: FEBRUARY 16, 2021

JOHN DOE, (CLAIMANT # 5),
APPELLANT

v.

SECURITIES AND EXCHANGE COMMISSION,
APPELLEE

Consolidated with 20-1002

On Appeal of Orders of the
Securities and Exchange Commission

Before: HENDERSON and GARLAND[*], *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the Securities and Exchange Commission and on the briefs of counsel. Neither party requested oral argument. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the final orders of the Securities and Exchange Commission be **AFFIRMED**.

In 2014, the Securities and Exchange Commission (Commission) settled two actions brought against Bank of America Corporation (Bank) for alleged securities violations in connection with the 2008 financial crisis. John Doe (Doe), believing he had provided the Commission with information that led to the success of those actions, filed whistleblower claims under the Dodd-Frank Act. *See* 15 U.S.C. § 78u-6. The Commission denied his claims, finding

---

[*] Judge Garland was a member of the panel at the time this case was submitted but did not participate in the final disposition of the case.

the information Doe submitted did not contribute in any way to either action. Doe now appeals. For the reasons explained herein, we affirm.

**I.**

On February 5, 2010, the Commission opened an investigation into the Bank that ultimately led to the covered actions at issue in this case. "Covered action" is a statutory term defined as "any judicial or administrative action brought by the Commission under the securities laws that results in monetary sanctions exceeding $1,000,000." 15 U.S.C. § 78u-6(a)(1).

The Commission's inquiry involved two investigative tracks. The first track of the investigation focused on the Bank's alleged failure to inform its investors of its risk exposure regarding obligations to repurchase mortgage loans from the Federal National Mortgage Association and certain insurance companies. The investigation's second track, opened in October 2010, focused on potential securities fraud committed by the Bank in offering and selling to investors certain residential mortgage-backed securities, particularly one known as BOAMS 2008-A.

Doe is the president of a company that originated and sold residential mortgage loans to the Bank. In the mortgage industry, companies like Doe's are known as correspondent lenders. In December 2011, Doe submitted a tip to the Commission about what he regarded as the Bank's fraudulent practice of forcing correspondent lenders to compensate it for loans that had defaulted by selling the Bank additional loans at considerable discounts.

Doe discussed his submission several times with Commission staff. He contends that, during one of the meetings, an agent told him the Commission was working with the Department of Justice (DOJ) on a joint task force investigating various banks' roles in the 2008 financial crisis and suggested Doe contact a DOJ task force member about his allegations. Doe alleges that he followed that suggestion and, during the next several years, was in regular contact with two Assistant U.S. Attorneys. Doe claims he provided DOJ with materials that constituted substantial assistance in its efforts to investigate the Bank.

In 2014, both Commission investigation tracks culminated in settlements with the Bank. Shortly thereafter, the Commission published two notices of covered action—one for each track of the investigation—triggering a ninety-day period for individuals to file whistleblower claims. *See* 17 C.F.R. § 240.21F-10(a).

Doe timely filed whistleblower claims for both covered actions. In 2017, the Commission Claims Review Staff (Staff) issued preliminary determinations recommending that each of Doe's claims be denied because none of the information he provided the Commission led to the settlement of the covered actions. In support of its conclusion, Staff relied on declarations submitted by three Commission lawyers who worked on the covered actions. Each lawyer attested, under penalty of perjury, that the information Doe provided the Commission in no way assisted or contributed to either settlement.

Thereafter, Doe requested the materials upon which the Staff relied in making its preliminary determinations. The Commission provided Doe with all the materials it was required to provide under 17 C.F.R. § 240.21F-12(a), including the three declarations. Doe contested the

Commission's preliminary determinations recommending denial of Doe's claims, arguing that the allegations in the covered actions echoed the information he submitted to the Commission in both his original tip and subsequent in-person meetings. He further asserted that a Commission agent had informed him that DOJ was "taking the lead" in the investigation against the Bank and that Doe's counsel was in contact with DOJ personnel "up through the very day" the Bank agreed to a "global" settlement.

On review, the Commission denied Doe's whistleblower claims in two orders issued in informal adjudications—one for each of the investigation's two tracks.[1] As with its preliminary determinations, the Commission's final orders credited its lawyers' declarations and concluded that "none of [Doe's] information led to the successful enforcement" of either covered action. As the Commission explained, Doe submitted his tip "well after the investigation was opened in February 2010 and after the Second Track was initiated in October 2010." Moreover, the information Doe provided was "not relevant to" and did "not resemble" the conduct underlying either action. Even if Doe had shown "some factual resemblance" between his submission and the covered actions, the Commission lawyers who investigated and prosecuted the actions attested that they "never actually used [Doe's] information."

The Commission also concluded that the material Doe alleges he provided the DOJ did not support Doe's whistleblower claims. *First*, Doe did not "identify any specific information that [he] provided to the DOJ that the DOJ, in turn, provided to the Commission for use in connection" with either covered action. *Second*, citing 17 C.F.R. § 240.21F-4(b)(7), the Commission reasoned that "[i]f a claimant provides information only to another agency, even if that agency then passes it on to the Commission and the Commission uses it, the claimant would not be eligible for an award unless the claimant (or a claimant's representative) also provides that information directly to the Commission himself." Because Doe failed to separately provide the DOJ materials to the Commission, any "additional information that [he] may have provided to the DOJ does not support an award" for either covered action. In his appeal, Doe requests that we reverse both orders and remand the matter to the Commission.

## II.

We have jurisdiction to review the Commission's whistleblower award determinations pursuant to 15 U.S.C. § 78u-6(f). Our review is "in accordance with section 706 of Title 5." 15 U.S.C. § 78u-6(f). We may set aside the Commission's determinations only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or if they were made "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D).

## A.

Doe maintains that the Commission arbitrarily and capriciously denied his whistleblower claims. We disagree. The three declarations submitted by the Commission lawyers who worked on the covered actions state that Doe's tip was submitted well after the investigation opened and

---

[1] The Commission orders also resolved the claims of several other individuals who made whistleblower claims resulting from the covered actions. In both orders, Doe is referred to as "Claimant #5."

3

that the information he offered was outside the focus of their investigation. Accordingly, the declarations conclude that the information Doe submitted did not in any way assist or contribute to either covered action. Doe offers no persuasive reason to second-guess their conclusions.

Doe's primary counter-argument is not that the Commission in fact relied on his initial tip but that the Commission erroneously ignored the information he alleges he submitted to the DOJ at the suggestion of a Commission agent. To bolster his contention, Doe notes that the Commission's regulations do not require that all of a claimant's information be submitted in the initial tip submission. Instead, Commission Rule 21F-8(b)(2) provides that tippers may be required to submit "additional information" in several ways, including "through follow-up meetings, or in other forms that [Commission] staff may agree to." 17 C.F.R. § 240.21F-8(b)(2). According to Doe, the materials he submitted to DOJ were properly submitted pursuant to Rule 21F-8 because a Commission agent suggested that he contact DOJ about his allegations.

Doe's argument makes two assumptions for which there is little support: (1) his alleged discussion with the Commission agent constituted an agreement by which he was to submit additional material to DOJ and (2) that the DOJ material—which material Doe neither cites nor describes with any specificity—was useful to the Commission's proceedings against the Bank. Even were Doe's assumptions accurate, his argument would nonetheless fail.

Under the Dodd-Frank Act, an individual must submit information "to the Commission" to be considered a "whistleblower." 15 U.S.C. § 78u-6(a)(6); *cf. id.* at § 78u-6(c)(2)(D) (denying award to a claimant "who fails to submit information to the Commission in such form as the Commission may, by rule, require"). And under the Commission's regulations, an individual who first provides information to another federal agency must, within 120 days, "submit the same information *to the Commission*" to be eligible for an award. 17 C.F.R. § 240.21F-4(b)(7) (emphasis added). In other words, Commission rules explicitly contemplate cases like Doe's where a whistleblower submits information to multiple agencies. Doe had an obligation to provide the Commission with all of the information he provided to DOJ. Because he failed to meet that obligation, Doe is ineligible for an award based on the DOJ materials.

Doe also argues that, even if the Commission were not obliged by statute or regulation to consider the DOJ material, basic fairness requires that it do so. But Doe experienced no unfairness by the Commission's straightforward application of the clear statutory and regulatory requirement that he provide the relevant information "to the Commission." 17 C.F.R. § 240.21F-4(b)(7); *cf. Bamford v. FCC*, 535 F.2d 78, 82 (D.C. Cir. 1976) ("[E]lementary fairness requires clarity of standards sufficient to apprise an applicant of what is expected"). The authority on which Doe relies, *Commc'ns & Control, Inc. v. FCC*, 374 F.3d 1329 (D.C. Cir. 2004), is not to the contrary. There, we held that an agency's decision to void a license due to a typographical error was arbitrary and capricious because it departed, without explanation, from the agency's practice of "routinely allow[ing] license applicants" to correct similar errors. *Id.* at 1335 & n.8. There is no suggestion here that the Commission "routinely"—or, indeed, ever—foregoes enforcement of the rules it applied to Doe.

**B.**

Doe also asserts a procedural failure of the Commission. In his view, the Commission failed to provide him with materials that would have enabled him to reply meaningfully to the Staff's preliminary determinations. Although the Commission provided Doe with the Rule 21F-12(a) materials on which the Staff based its preliminary determinations, including the three lawyers' declarations, Doe maintains that he was entitled to all the information the Commission used in reaching the settlements, including the Commission's communications with the Bank and the DOJ, as well as the Commission's internal summaries and memoranda provided to the Staff. Doe's claim is contrary to the Commission's Rule 21F-12(b), which provides that claimants are not entitled to "any materials (including any pre-decisional or internal deliberative process materials that are prepared exclusively to assist the Commission in deciding the claim) other than those listed" in Rule 21F-12(a). 17 C.F.R. § 240.21F-12(b). Accordingly, we perceive no error in the Commission's failure to produce the additional materials Doe sought.

For the foregoing reasons, the Commission's orders are affirmed. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk